L. V. MANNING ET AL. v. ELVIRA MORRIS.

Decided March 19, 1902.

</div>

**Liquor Dealer—Bondsmen—Acts of Agents.**

A liquor dealer and the sureties on his bond are liable for the acts of his employes in permitting a minor to enter and remain on his premises.

Appeal from Hamilton.   Tried below before Hon. W. J. Oxford.

*Eidson & Eidson,* for appellants.

*Main & Chesley,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a suit on a liquor dealer's bond, brought by a parent to recover damages, as provided by statute. The petition contained two counts, one charging that the defendant Manning permitted the plaintiff's minor son to enter and remain in Manning's place of business; and the other charging an unlawful sale of liquor to the minor. The jury found for the plaintiff on the first issue, awarding $500 damages, and the defendants have appealed.

The testimony shows that the defendant Manning was engaged in the retail liquor business in Hamilton, Texas, and the other defendants were sureties on his statutory bond. That during Manning's absence, J. J. Cleveland and J. F. Bullard, his employes in charge of his business, without his knowledge or consent, permitted Willie M. Bryan, the plaintiff's minor son, to enter and remain in Manning's place of business.

We overrule the contention that Manning and the sureties on his bond are not responsible for the acts of the agents left in charge of Manning's business. As held by the Court of Civil Appeals at Galveston, in Maier v. State, we think it was the purpose of the Legislature in enacting the statute requiring liquor dealers to give bond, to hold the dealer responsible for the manner in which his business is conducted, whether conducted by him in person or by an agent selected by him.

We also hold that the charge of the court is not subject to the criticisms urged against it.

<div align="right">*Affirmed.*</div>